FILED IN CLERK'S OFFICE

DEC 30 2003

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LUTHER...
By:

JAMES E. WILSON,                    )
                                    )
      **Plaintiff,**                )
                                    )
      **-v.-**                       )
                                    )
ATLANTA AREA COUNCIL, INC.          )
BOY SCOUTS OF AMERICA, and          )
BOY SCOUTS OF AMERICA               )
                                    )
      **Defendants.**               )

**1 03-CV 4038**

CIVIL ACTION NO._____

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an employment discrimination complaint which seeks declaratory, remedial, and injunctive relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (2000) (Title VII), 42 U.S.C. § 1981 and The Age Discrimination in Employment Act, 29 U.S.C. §623. This complaint alleges that defendants discriminated against the plaintiff on the basis of his race and age by reducing his grade and pay, by cancelling his selection for a position at the National Council of the Boy Scouts and by engaging in ongoing harassment of him on the basis of his race. Plaintiff seeks monetary, declaratory, and equitable relief.

### I. **Parties**

1.

Plaintiff James E. Wilson is an African-American male who was born on July 14, 1950 and who resides at 9035 Green Valley Court,

1



Douglasville, Georgia. He is subject to the jurisdiction of this Court.

2.

Defendant Atlanta Area Council, Inc., Boy Scouts of American is a domestic non-profit corporation incorporated under the laws of Georgia, and headquartered at 1800 Circle 75 Parkway, S.E., Atlanta, Atlanta, Georgia 30339-3055. Defendant may be served in care of its Registered Agent, David E. Larkin, at that location. Defendant Atlanta Area Council operates pursuant to authority granted by, and under the control of, Defendant Boy Scouts of America.

3.

Defendant Boy Scouts of America is a federally chartered corporation operating throughout the United States pursuant to 36 U.S.C. § 30901 et seq. which can be sued pursuant to 36 U.S.C. § 30904(a)(5). Its principal place of business is located at 1325 West Walnut Hill, Lane, Irving, Texas 75015-2079, where it may be served through its Chief Scout Executive.

4.

Defendants are each employers within the meanings of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

## II.   Jurisdiction and Venue

5.

This Court has jurisdiction over plaintiff's claim of racial discrimination under 42 U.S.C. § 2000e-5(f)(3), which grants all United States District Courts jurisdiction to decide cases brought under Title VII and under 42 U.S.C. § 1331, which grants all United States district courts jurisdiction to decide cases brought under the laws of the United States.

6.

This Court has jurisdiction over Plaintiff's claim of age discrimination under 29 U.S.C. § 626(c), which grants all United States district courts jurisdiction to decide cases brought under The Age Discrimination in Employment Act.

7.

This action is properly brought in the Northern District of Georgia because the Defendants committed the unlawful employment practice in Georgia, and because Defendant Atlanta Area Council keeps Plaintiff's employment records in the Northern District of Georgia. See 42 U.S.C. § 2000e-5(f)(3).

## III.   Exhaustion of Remedies

8.

On  February  12,  2003,  Plaintiff  filed  a  charge  of discrimination with the Equal Employment Opportunity Commission

3

(EEOC) alleging that the Defendants had discriminated against him on the basis of race and age.

9.

By Dismissal and Notice of Rights dated September 30, 2003 the EEOC issued Plaintiff the right to sue. The original of that notice is attached as Exhibit A. The EEOC mailed that notice to plaintiff on October 2, 2003  and he received it shortly thereafter. See attached envelope, Ex. B.

10.

Plaintiff has exhausted his administrative remedies, and his claims of employment discrimination are properly before this Court.

## IV.   **Factual Allegations**

11.

James E. Wilson, the plaintiff in this case, began working for the Delta Area Council of the Boy Scouts of America in Clarksdale, Mississippi on June 15, 1972. Plaintiff was the first African-American intern in the Boy Scout's Andrew Jackson Council, Jackson, Mississippi.

12.

At all times relevant herein plaintiff performed his duties in a wholly satisfactory manner. He was responsible for establishing and developing Scouting units for inner-city youth and received substantial recognition for his accomplishments in this regard.

4

13.

Plaintiff advanced within management of the scouting organization, progressing through a series of successively more responsible positions to the position of Inner City Services Executive of the New Orleans Area Council in 1977. In January 1992 he was selected as the College Intern Director of the Boy Scouts' National Council. In this position plaintiff successfully recruited minorities for permanent positions within the scouting management organization throughout the Southern Region.

14.

On or about June 1, 1995 plaintiff was selected as Assistant Director of Field Services, a class 8 position, within the Atlanta Area Council of the Boy Scouts of America. Plaintiff achieved the highest level position of any African-American in the history of the Atlanta Area Council. Plaintiff was very successful in this position. He received significantly exceeds performance evaluations and served as director of Operation First Class, a scouting initiative that brought scouting to underprivileged youth. Other cities in the scouting organization modeled their programs upon the organization that Plaintiff ran.

15.

In December 1997, David E. Larkin, a white male, assumed the position of Scout Executive of the Atlanta Area Council, the

5

highest position in the Atlanta Area Council. At that time Mr. Larkin became Plaintiff's direct supervisor.

16.

In January 2002 Defendant Atlanta Area Council approved a $3700 compensation increase for Plaintiff. Mr. Larkin directed, however, that the increase not be included as part of plaintiff's base compensation, and this increase was paid separately from Plaintiff's salary and excluded from computations for his retirement benefits.

17.

On September 17, 2002 Mr. Larkin advised plaintiff that the position of Assistant Director of Field Service was being eliminated effective October 30, 2002 "due to budgetary restrictions of the Atlanta Area Council." Mr. Larkin offered complainant a class 4 position as a District Director, which resulted in a $23,000 per year reduction in plaintiff's compensation.

18.

Plaintiff's position was the sole managerial position in Atlanta Area Council that was eliminated during 2002 by Mr. Larkin.

19.

On September 27, 2002 plaintiff accepted the District Director position offered by Mr. Larkin.

6

20.

In order to retain his position within the scouting organization and maintain his salary, plaintiff sought positions outside of Atlanta within the Boy Scouts of America. On or about September 27, 2002, George Randall, a black male, National ScoutReach, Director advised Plaintiff that he had been selected for a position as Associate Scoutreach Director with the National Council of the Boy Scouts of America. Plaintiff was uniquely well-qualified for this position. On or about October 29, 2002, Willie Isles, a black male, National Group Director, reaffirmed Plaintiff's selection as Associate Scoutreach Director with the National Council of the Boy Scouts of America. Mr. Larkin advised plaintiff that his salary would not be reduced because he was transferring to a new position.

21.

On or about January 9, 2003 Mr. Larkin informed plaintiff that his relocation to the Associate Scoutreach Director position would not be effectuated.   On or about January 1, 2003, plaintiff's salary was reduced by $23,000.

22.

On February 7, 2003, the National Director of Human Resources of the Boy Scouts of America advised plaintiff that the position in the Scoutreach Division had never been offered to him and that that position had not been filled because of a hiring freeze.

7

23.

Plaintiff remains employed today in the position of District Director, Soapstone Ridge, a class 4 position, with the Atlanta Area Council of the Boy Scouts of America.

24.

Beginning no later than January 1, 2002,and on a continuing basis thereafter plaintiff has been subjected to ongoing harassment in his position. This harassment includes failure to the credit him with securing financial contributions that were obtained through his efforts, excluding his 2002 pay increase from his recorded salary, reducing his expense account, limiting his use of company vehicles, ostracism, failing to timely prepare a performance evaluation on him and failing to properly value his accomplishments and experience.

25.

As a result of the conduct described above, plaintiff has suffered loss of pay, loss of stature, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

26.

Defendants engaged in the discriminatory practices described herein with malice or with reckless indifference to the federally protected rights of plaintiff.

**8**

27.

The conduct described herein was willful within the meaning of 29 U.S.C. § 626(b).

## V. Count I - Racial Discrimination in Violation of Title VII

28.

Plaintiff realleges Paragraphs 1 through 27.

29.

Defendants discriminated against plaintiff on the basis of race in violation of Title VII when they removed plaintiff from his position as Assistant Director of Field Services, when they reduced his salary, when they failed to select him as the Associate Scoutreach Director with the National Council, and when they subjected him to ongoing harassment as described above.

## VI. Count II - Racial Discrimination in Violation of 42 U.S.C. § 1981

30.

Plaintiff realleges Paragraphs 1 through 29.

31.

Defendants discriminated against plaintiff on the basis of race in violation of 42 U.S.C. § 1981 when they removed plaintiff from his position as Assistant Director of Field Services, when they reduced his salary, when they failed to select him as the Associate Scoutreach Director with the National Council, and when they subjected him to ongoing harassment as described above.

9

## VII. Count III - Age Discrimination in Violation

## of the Age Discrimination in Employment Act

32.

Plaintiff realleges Paragraphs 1 through 31.

34.

Defendants discriminated against plaintiff on the basis of age in violation of 29 U.S.C. §623 when they removed plaintiff from his position as Assistant Director of Field Services, when they reduced his salary, when they failed to select him as the Associate Scoutreach Director with the National Council, and when they subjected  him to ongoing harassment as described above.

### VIII. Prayer for Relief

**WHEREFORE** plaintiff prays for the following relief:

1.    Declare that defendants have discriminated against plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981;

2.    Declare that defendants have discriminated against plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act;

3.    Enjoin the defendants from continuing to engage in the unlawful acts described above.

4.    Direct the defendants to reinstate Plaintiff retroactively to the position that he held on September 1, 2002, with full back pay and benefits.

10

5.  Direct defendants to include the $3700 paid plaintiff in 2002 in his base salary for retirement computation, future salary increase and all other purposes.

6.  Award plaintiff appropriate monetary damages to compensate him for the emotional pain, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses he has suffered by virtue of defendants' improper conduct;

7.  Award plaintiff appropriate punitive damages to deter defendants from engaging in intentional discrimination against plaintiff;

8.  Award plaintiff liquidated damages for willful violation of the Age Discrimination in Employment Act;

9.  Award Plaintiff his reasonable attorneys fees and costs of litigation; and

10. Order such further equitable relief and additional relief as this Court deems just and reasonable under the circumstances; and

11. Enter Judgment for plaintiff and against defendants on all of the foregoing.

### Jury Trial Demand

Plaintiff requests that a trial by jury be had on all issues of facts and damages raised in this action.

Respectfully submitted this **30** day of **December**, 2003.

_____
Adam J. Conti
Georgia Bar No. 182475
Attorney for Plaintiff

Adam J. Conti, LLC
6100 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 531-0701

12

**EXHIBIT A**

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: James E. Wilson
    9035 Green Valley Court
    Douglasville, GA  30134

From:  EEOC - Atlanta District Office
       100 Alabama Stree, Suite 4R30
       Atlanta, GA 30303

[  ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110A301476 | Nancy P. Gilbert, Senior Investigator | (404) 562-6858 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Bernice Williams-Kimbrough, District Director_

**SEP 3 0 2003**

*(Date Mailed)*

Enclosure(s)

cc:  *Boy Scouts of America*
     1800 Circle 75 Parkway
     Atlanta, GA  30339-

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult
an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or
her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it
is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the
Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases
can be brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk
of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy
decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment:
backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.
For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit
*before 7/1/98* -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore,
if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be
filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having
jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance
must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in
detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period
mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have
any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need
to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and
provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all
charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to
review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any
request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES E. WILSON,                    )
                                    )
          Plaintiff,                )
                                    )        CIVIL ACTION NO. **1** 03-CV 4038
          -v.-                      )
                                    )        JURY TRIAL DEMANDED
ATLANTA AREA COUNCIL, INC.          )
BOY SCOUTS OF AMERICA, and          )
BOY SCOUTS OF AMERICA               )
                                    )
          Defendants.               )

### SUMMONS IN A CIVIL ACTION

TO:  Boy Scouts of America
     c/o Roy L. Williams, Chief Executive
     1325 West Walnut Hill Lane
     P.O. Box 152079
     Irving, Texas 75015-2079

                                    *Serve on Plaintiff's Attorney MLC*

     YOU ARE HEREBY SUMMONED and required to ~~file with the Clerk of~~
~~this Court and serve upon~~

          Adam J. Conti, Esq.
          Adam J. Conti, LLC
          6100 Lake Forrest Drive, NW
          Suite 435
          Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you,
within 20 days after service of this summons upon you, exclusive of
the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  Any
answer that you serve on the parties to this action must be filed
with the Clerk of this Court within a reasonable period of time
after service.

LUTHER D. THOMAS                         DEC    2003
_____         _____
Clerk                                    Date


_____
Deputy Clerk

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES E. WILSON,                    )
                                    )
          Plaintiff,                )
                                    )        CIVIL ACTION NO. **1 03-CV 4038**
          -v.-                      )
                                    )        JURY TRIAL DEMANDED
ATLANTA AREA COUNCIL, INC.          )
BOY SCOUTS OF AMERICA, and          )
BOY SCOUTS OF AMERICA               )
                                    )
          Defendants.               )

SUMMONS IN A CIVIL ACTION

TO:  Boy Scouts of America
     c/o Roy L. Williams, Chief Executive
     1325 West Walnut Hill Lane
     P.O. Box 152079
     Irving, Texas 75015-2079

                                        *Serve cu Plaintiff's Attorney*

     YOU ARE HEREBY SUMMONED and required to ~~file with the Clerk of~~
~~this Court and serve upon~~

          Adam J. Conti, Esq.
          Adam J. Conti, LLC
          6100 Lake Forrest Drive, NW
          Suite 435
          Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you,
within 20 days after service of this summons upon you, exclusive of
the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  Any
answer that you serve on the parties to this action must be filed
with the Clerk of this Court within a reasonable period of time
after service.

LUTHER D. THOMAS                         _____ 2003
_____        _____
Clerk                                    Date

_____
Deputy Clerk

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES E. WILSON,                    )
                                    )
          Plaintiff,                )
                                    )       CIVIL ACTION NO. 1 03-CV 4038
     -v.-                           )
                                    )       JURY TRIAL DEMANDED
ATLANTA AREA COUNCIL, INC.          )
BOY SCOUTS OF AMERICA, and          )
BOY SCOUTS OF AMERICA               )
                                    )
          Defendants.               )


## SUMMONS IN A CIVIL ACTION

TO:  Atlanta Area Council, Inc., Boy Scouts of America
     c/o David E. Larkin, Registered Agent
     1800 Circle 75 Parkway, S.E.
     Atlanta, Georgia 30339

                                              *Serve on Plaintiff's Attorney*

     YOU ARE HEREBY SUMMONED and required to ~~file with the Clerk of this Court and serve upon~~   *M&K*

               Adam J. Conti, Esq.
               Adam J. Conti, LLC
               6100 Lake Forrest Drive, NW
               Suite 435
               Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you,
within 20 days after service of this summons upon you, exclusive of
the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  Any
answer that you serve on the parties to this action must be filed
with the Clerk of this Court within a reasonable period of time
after service.

LUTHER D. THOMAS                          DEC 3 0 2003
Clerk                                     Date

_Deputy Clerk_

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES E. WILSON,                    )
                                    )
         Plaintiff,                 )
                                    )        CIVIL ACTION NO 1 03-CV 4038
         -v.-                       )
                                    )        JURY TRIAL DEMANDED
ATLANTA AREA COUNCIL, INC.          )
BOY SCOUTS OF AMERICA, and          )
BOY SCOUTS OF AMERICA               )
                                    )
         Defendants.                )


**SUMMONS IN A CIVIL ACTION**

TO:  Atlanta Area Council, Inc., Boy Scouts of America
     c/o David E. Larkin, Registered Agent
     1800 Circle 75 Parkway, S.E.
     Atlanta, Georgia 30339

                                         *Serve on Plaintiff's Attorney*

     YOU ARE HEREBY SUMMONED and required to ~~file with the Clerk of this Court and serve upon~~    *M&K*

         Adam J. Conti, Esq.
         Adam J. Conti, LLC
         6100 Lake Forrest Drive, NW
         Suite 435
         Atlanta, Georgia 30328

an answer to the complaint which is herewith served upon you,
within 20 days after service of this summons upon you, exclusive of
the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  Any
answer that you serve on the parties to this action must be filed
with the Clerk of this Court within a reasonable period of time
after service.

LUTHER D. THOMAS                         DEC 3 0 2003
Clerk                                    Date


Deputy Clerk

1